Mazara Pervangher v. Union Casualty & Surety Co.

Accident Insurance.  *Construction of policy.  Internal injuries.  Pleadings.*

> Where an accident from external means results in internal injuries the case is within the terms of an accident policy insuring "against loss effected solely, directly, and independently of all other causes, by bodily injuries sustained through external, violent, and accidental means," and it is unnecessary in a suit upon the policy to specify in the declaration the particular organ hurt.

From the circuit court of Warren county.

Hon. George Anderson, Judge.

Mrs. Pervangher, appellant, was plaintiff, and the Casualty & Surety Company, appellee, defendant in the court below. From a judgment in defendant's favor, sustaining a demurrer to the declaration and dismissing the suit, the plaintiff appealed to the supreme court.

The case was once before in the supreme court, and is reported. *Pervangher* v. *Union Casualty & Surety Co.*, 81 Miss., 32.

The defendant company issued a policy to Nazaro Pervangher, insuring him "against loss effected, solely, directly, and independently of all other causes, by bodily injuries sustained through external, violent, and accidental means." The policy provided that, if death should result from such injury within ninety days, Mrs. Pervangher, his mother, the appellant, should be paid $500. Mrs. Pervangher filed her declaration in three counts. The first count charges that the insured died April 14, 1901, within ninety days of the accident which caused his death, which was effected, solely, directly, and independently of all other causes, by bodily injury sustained through external, violent, and accidental means—to wit, injury to his lung or lungs, or some part thereof, or some part of his body adjacent to or

connected with his lung or lungs, or the rupture of some blood vessel, caused by being strained in lifting or handling some heavy machinery or heavy substance on the 26th of February, 1901. The second count alleges the death as set out in the first, and adds that the death was caused from bodily injuries to his lung or lungs, or stomach, or some part thereof, or some part of his body adjacent thereto, connected with his lung or lungs, or stomach, or the rupture of some blood vessel, caused by being strained in lifting or handling some heavy machinery or heavy substance, and the said substance, while being so lifted or handled, fell against or struck the said assured, causing the injury hereinbefore set out and described. The third count charges the death of the assured as in the first count, and alleges that his death resulted from bodily injuries sustained through external, violent, and accidental means, in an injury to his lung or lungs, or stomach, or some part thereof, or some part of his body adjacent thereto, or connected with his lung or lungs, or stomach, or the rupture of some blood vessel, caused by some accident, the nature of which is unknown to plaintiff. The policy was made an exhibit to the declaration.

*Dabney & McCabe,* for appellant.

All three of the counts in the declaration are good, under the authorities. We know of no reason why recovery should not be had on an accident policy simply because the injury is internal and its exact location cannot be fixed without a *post mortem* examination, and, in case of failure to hold such an examination, that recovery could not be had on the policy.

In support of our position we cite: 1 Cyc., 248, 249, 250, 251; 1 Am. & Eng. Ency. Law (2d ed.), 294, *et seq.; Ins. Co.* v. *Gerisch,* 54 Am. St. Rep., 486; *Horsfall* v. *Pac. Mut. Life Ins. Co.,* 22 Ins. Law Journal, 892 (s.c., 63 L. R. A., 425).

*McLaurin, Armistead & Brien,* for appellee.

It is not sufficient to allege in a declaration in a suit on an

accident policy that the assured was injured in his lung or lungs, or stomach, or blood vessels, or some part of his body adjacent thereto, by being strained in lifting or. handling some heavy machinery or substance. It leaves open every kind of an accident to be proved on the trial without acquainting the defendant with what it is called on to meet.

There is nothing in the declaration showing that the injury complained of resulted in the ordinary and usual conduct or business of the assured. For all that appears on the face of the declaration, the assured might have been experimenting in the alleged lifting to see how much he could lift when the alleged accident happened to his lung or lungs, or stomach, or some part of his body adjacent thereto, or the rupture of some blood vessel. The policy sued on in its conditions expressly excepts liability from those "accidental injuries, fatal or otherwise, resulting from voluntary exposure to an avoidable danger." The court will notice from the cases cited in the footnote of appellant's authorities that nearly all the cases where accidents are alleged to have happened are where the assured was in the usual and ordinary course of his business, and not accidents which occurred while the assured was voluntarily exposing himself to avoidable dangers.

There is nothing in the declaration sued on, as far as its averments go, to show that the assured was under any duty or engaged in any employment which required him to engage in the lifting of the heavy machinery or heavy substance.

On the face of the declaration in this cause the court must assume that the strain and lifting of the heavy machinery or heavy substance was done voluntarily, and that the result which followed from that was the "voluntary exposure to an avoidable danger," which accidents are expressly excepted in the policy.

On the doctrine that a strain is not an accident we cite the case of *Travelers' Ins. Co.* v. *Selden,* 78 Fed. Rep., 285.

We think that this declaration is wholly insufficient to be

85 Miss.—3

pleaded to, and in fact could not be pleaded to, by the defendant with any kind of fairness to the insurance company, because we are not made aware by the declaration whether the plaintiff would expect to prove on the trial that the death of the assured occurred from an injury to one lung or both longs, or whether the injury resulting in death happened to his stomach, or whether the injury resulting in death was the rupture of some blood vessel, and if so, what blood vessel, whether or not it be such a blood vessel as would cause death by its rupture; nor would the defendant be apprised of what had been lifted, so as to present the issue if the facts warranted an issue on that score.

The declaration should aver not only the death of the assured, but that it occurred from some accident, and then state how the accident occurred "in ordinary and concise language," both as to what happened, when it happened, and how it happened; so that the defendant may be made aware of what allegations he is required to meet in the suit, otherwise the defendant would be put wholly at the mercy of anything the plaintiff saw fit to prove. *Fidelity, Etc., Co.* v. *Johnson,* 72 Miss., 333; *Cobb* v. *Preferred Mut. Accident Ass'n,* 96 Ga., 818 (s.c., 22 S. E. Rep., 976); *Globe Ins. Co.* v. *Gerisch,* 163 Ill., 628 (s.c., 54 Am. St. Rep., 486).

CALHOON, J., delivered the opinion of the court.

The demurrer is to the whole declaration, which contains three counts. We all agree that the second count is a good one, and that therefore the judgment sustaining the general demurrer must be reversed. Where an accident from external means results in internal injuries, we think it sufficient to so charge, without specifying the particular organ hurt, and it is not every strain that will take the injury out of the protection of the policy. This would depend on the facts; and if the first and third counts should be made more definite as to the circumstances of the injury, the proof might develop a case warranting a recovery under them. 1 Cyc., 248, *et seq.;* 1 Ency.,

Syllabus.

294; *Horsfall* v. *Insurance Co.,* 63 L. R. A., 425, and notes; *Insurance Co.* v. *Selden,* 78 Fed. Rep., 285 (24 C. C. A., 92); *Insurance Co.* v. *Gerisch* (Ill.), 45 N. E., 563 (54 Am. St. Rep., 486); *Cobb* v. *Accident Ass'n,* 96 Ga., 818 (22 S. E., 976); *Feder* v. *Traveling Men's Ass'n* (Iowa), 70 Am. St. Rep., 212, and note on pages 215, 216; and especially *Paul* v. *Travelers' Ins. Co.,* 112 N. Y., 472 (20 N. E., 347; 3 L. R. A., 443; s.c., 8 Am. St. Rep., 758, and the full note to it on page 757, *et seq.*). The rulings on the various kinds of accidents arising from the acts of the assured will be found in these authorities.

*Reversed and remanded.*