## SHANBERG v. FIDELITY & CASUALTY CO.

(Circuit Court, W. D. Missouri. December 20, 1905.)

INSURANCE—ACCIDENT INSURANCE—CAUSE OF DEATH.

    Where the holder of an accident insurance policy while assisting another to carry a door along a level street, said to the other that he was tired, and suddenly fell down and died, the death being ascertained by an autopsy to have resulted from a rupture of the heart, which was very badly diseased, the death was not the result of an injury sustained from extraordinary, violent, and accidental means, independent of all other causes, within the meaning of the policy, and there can be no recovery thereon, there being in fact nothing of an accidental nature, and no external cause not fully anticipated and expected by the insured.

    [Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 1166–1170.

    Accident insurance—Risks and causes of loss, see note to National Acc. Society v. Dolph, 38 C. C. A. 3.]

At Law.  On demurrer to evidence.

I. J. Ringolsky, for plaintiff.

Harkless, Crysler & Histed, for defendant.

POLLOCK, District Judge (orally).  The question is, should this case be submitted to the jury?  That question is answered by another. If so submitted, and a verdict is returned for the plaintiff, should the court allow such a verdict to stand?   In other words, should the court do a useless thing in submitting the case?

This is an action on a contract which the defendant in this case made with the deceased.  An indemnity contract, in which it agreed if death should result within a certain period of time, and that death resulted directly and independent of all other causes, from bodily injury sustained from extraordinary, violent and accidental means, that it would pay the indemnity.  Being a limited contract the consideration for the making of it of course is low and recognized to be so.  What are the undisputed, and we may say, indisputable facts in this case?  Because there are certain facts in the case that can never be changed, and facts are stubborn things.  The deceased, under the testimony, was engaged in carrying one end of a door about 81 inches long and 41 inches wide, the entire door weighing about 86 pounds.  They were carrying it along a level street. When they had proceeded about 800 yards, under the testimony, as I recall it, the deceased looked at the other party carrying the door and said, "I am tired," fell down and suddenly expired.  An autopsy was made, and it was found the right auricle of the heart was ruptured; such a rupture as would and did in this case cause immediate death.  The autopsy further disclosed that the heart was very badly diseased, and that deceased was suffering from what is known as fatty degeneration of the heart.  In such case shall the defendant under the evidence pay, according to the terms of the contract?  I apprehend what the contract means is this:  While the deceased was diseased, yet, if he met with such an accident, such an unforeseen condition of affairs or chance happening that his death was caused independently of the condition of the heart, the company may be maintained liable.  For instance, suppose this man's heart was ready to burst, and in such condition that the carrying of this door would burst it, yet from the way he had lived, guarding himself from peril, because of the known fact, if he had been struck by lightning, been kicked by a horse, had received some unforeseen blow, or had taken into his system a poisonous fluid, or substance by accident, without knowledge that it was that kind of a thing, or had he inhaled poisonous and noxious gas by accident, then in such case the condition of the heart would have nothing to do with the death.

On the other hand, suppose no accident happened.  Suppose he walked rapidly upstairs and death had resulted, as it might have done in the light of the diseased condition of this man's heart.  The parties contracted in contemplation of the deceased going along with the usual avocations of life.  The company indemnify only against accidents.  They do not issue an accident policy obligating them-

selves to pay in case of death, no matter how resulting, but resulting in certain ways specified in the policy. Now suppose one of us held an indemnity contract, such as the one in this case made by the defendant. And suppose, being in a hurry, we should rush up stairs to see some one, or suppose, we should walk rapidly up hill, thus, of course, exciting the heart action, or suppose we should pick up a load of something and carry it as we might do in the ordinary course of our business affairs, and everything should be done just as we intended to do it; we carried our load just as we intended; we rushed upstairs just as we intended; or we ran up the hill just as we intended, and the exertion ruptured the heart, and we fell dead. Can we hold it to have been in contemplation of the parties in making the indemnity contract that the company should pay for the death resulting in such a case, where as in this, the heart was badly diseased? To my mind, in such case, there can be no doubt because there is no accident. The death resulted in such case because of natural causes, nothing accidental having happened, all having been done as intended.

To distinguish a little the cases that have been cited and relied upon by counsel. In the Fetter Case (Mo. Sup.) 73 S. W. 592, 61 L. R. A. 459, the deceased was attempting to shove up a window with a rod used for that purpose, you have all seen them, used for opening windows which are too high to reach; he used the rod that had been employed for that purpose, but the rod slipped off. He fell over the edge of a platform or table and struck over the right kidney. That the rod used would slip off he did not expect, if I recall the testimony, and he did not contemplate he would fall, striking the table, and it is made quite a point in that case that while the kidney was found at the autopsy to be in a cancerous condition, yet, it could not be told how long it would take to develop such condition. As a matter of fact, that could not be told by the physicians testifying in the case, and it was held that death was due to the accident and fall. If he had pushed on that window as hard as he could push, exercising his own voluntary action in pushing, and nothing more, I do not think the Fetter Case would have been decided as it was.

In the Lowenstein Case (C. C.) 88 Fed. 474, death resulted from the inhaling of poisonous gas. There is no question about the correctness of the decision in that case. The case in 131 U. S. 100, 9 Sup. Ct. 755, 33 L. Ed. 60, is a little more closely allied to this one. United States Mut. Acc. Ass'n v. Barrey. There three persons were together. Each of the three had jumped from a veranda or porch between four and five feet in height before deceased jumped. The finding in that case is that by losing control of the body, through some cause, he did not alight as people usually alight. Did not alight as he intended to alight, but did alight in such a way that the jar caused the rupture. That is something, though, that he did not intend should happen, some accident not intended by him produced the result. The trouble with the case at bar is, I do not find deceased did anything he did not intend to do. From the testimony

he did not slip, did not stumble, did not fall. He walked along to a certain place carrying the load he intended to carry. He did just exactly what he intended to do. He had, which he did not know and which he did not contemplate, a defective heart, but the very thing he undertook to do, the very thing he carried out, the very thing, without anything else happening to him that was unforeseen or a matter of chance, engaged in the business of his voluntary undertaking, carried out just as he intended, resulted in his death. For that reason, I am of the opinion in this case the death was not accidental. I am of the opinion it did not result under the terms of the contract independently of all other causes. Am further of the opinion that the death was the natural and proximate result of the diseased condition of the heart.

You may file the demurrer, and under the evidence, as I view it, I will have to sustain it.

The demurrer is sustained.