[Sac. No. 4125. Department Two.—December 31, 1928.]

MARGARET HARLOE, Appellant, v. CALIFORNIA STATE LIFE INSURANCE COMPANY (a Corporation), Respondent.

John D. Harloe and Butler, Van Dyke & Desmond for Appellant.

C. E. McLaughlin and McLaughlin & McLaughlin for Respondent.

LANGDON, J.—This is an appeal by the plaintiff from a judgment against her, after a general demurrer to her complaint had been sustained without leave to amend.

█ The complaint seeks recovery of $4,000 upon a policy of life insurance issued upon the life of plaintiff's deceased husband. The question involved in the case is whether the defendant is liable for $2,000, the face of the policy, or for double that amount by reason of the following provision contained therein: "In the event of death caused by bodily injuries effected exclusively and wholly by external, violent and accidental means, said death occurring within ninety days after the happening of the accident, the Company will pay the sum of $4,000.00 in lieu of $2,000.00."

The complaint alleges that while the assured was in the performance of his regular duties that it became necessary, and the assured did, with the assistance of another employee, go outside of a derrick in which he was working, to repair a water line. At the time the temperature at the place of employment was, approximately, 110 degrees. In the repairing of said water line he suffered a sunstroke, from which he subsequently died.

The case is governed by the rules announced in *Rook* v. *Travelers' Ins. Co.*, 172 Cal. 462 [L. R. A. 1916E, 1196, 156 Pac. 1029], *Olinsky* v. *Railway Mail Assn.*, 182 Cal. 669 [14 A. L. R. 784, 189 Pac. 835], and *Ogilvie* v. *Aetna Life Ins. Co.*, 189 Cal. 407 [26 A. L. R. 116, 209 Pac. 26], which require a holding in the instant case that an effect which is the natural and probable consequence of an act or course of action cannot be said to be produced by accidental means.

The judgment is affirmed.

Richards, J., and Shenk, J., concurred.