## METROPOLITAN LIFE INS. CO. v. BUKATY.

### No. 1490.

Circuit Court of Appeals, Tenth Circuit.

Sept. 9, 1937.

Rehearing Denied Oct. 18, 1937.

Edwin S. McAnany, of Kansas City, Kan. (Thos. M. Van Cleave, Willard L. Phillips, and Bernhard W. Alden, all of Kansas City, Kan., on the briefs), for appellant.

J. O. Emerson, of Kansas City, Kan. (Fred Robertson and Edw. M. Boddington, both of Kansas City, Kan., on the brief), for appellee.

Before PHILLIPS and BRATTON, Circuit Judges, and KENNEDY, District Judge.

PHILLIPS, Circuit Judge.

This is an action brought by Mary Bukaty on a policy of accident insurance issued to Mike Bukaty, her husband, on April 4, 1924, by the Metropolitan Life Insurance Company. The policy provided indemnity for loss of life "caused directly and independently of all other causes by violent and accidental means." It expressly· excluded from the coverage "accident, injury, disability, death or other loss caused wholly or partly by disease or bodily infirmity." It named Mary Bukaty as the beneficiary to whom indemnity for loss of life should be paid.

The amended petition set up the policy and further alleged:

"On the 20th day of July, 1934, and while said insurance policy was in full force and while the said Mike Bukaty had no active disease and in fact no disease at all, he was

stricken with heat stroke; that is to say, on the said day at about two P. M., those cells and tissues of the brain of the said Mike Bukaty whose normal function is to govern and which usually do govern the temperature of the body and keep it normal, suddenly, without intention on the part of Mike Bukaty, unexpectedly and violently collapsed and suffered lesions and underwent changes, chemical, structural and functional, so violent and radical that such cells and tissues ceased to function or to control the temperature of the body, and that as an immediate and direct result thereof the said Mike Bukaty suffered a fever so high and excessive and an increased pressure within his body so violent and abnormally excessive as to cause and produce, and the same did produce, by heat, pressure, and violence, necrosis and death of various cells and tissues of his body, and caused and produced hemorrhages and lesions in his body, especially in the brain, lungs and viscera of his body and caused and produced other internal injuries the exact nature of which the plaintiff cannot state. The breaking down of the cells and tissues constituting the heat regulatory center of the brain, as above alleged, caused and produced the bodily injuries to Mike Bukaty above alleged, directly and independently of all other causes, and the said bodily injuries caused and resulted in the death of the said Mike Bukaty about two hours after he was first stricken as above alleged, and at about 4 P. M. of the same day."

It did not allege that insured unexpectedly, unintentionally, or due to unforeseen and unanticipated circumstances exposed himself to unusual heat. It contained no allegation that the exposure which brought on the heat stroke was not voluntary. The claim of accident rests on the bare allegation that insured suffered a heat stroke and died as the proximate result of the effects thereof which ensued in natural and orderly sequence. See Richards v. Standard Acc. Ins. Co., 58 Utah, 622, 200 P. 1017, 17 A.L. R. 1183.

The trial court overruled a demurrer to the amended petition. The insurance company elected to stand on its demurrer and judgment was entered for the plaintiff. The insurance company has appealed.

In Sentinel Life Ins. Co. v. Blackmer, 77 F.(2d) 347, 349, this court said:

"Policies of accident insurance may be divided generally into two classes: (1) those that insure against accidental result, and (2) those that insure against the result of an accidental cause. There is a well recognized distinction between these two classes. To come within the coverage of the second class, the means or cause must be accidental, while to come within the coverage of the first class it is sufficient if the result or effect is accidental."

In Landress v. Phoenix Mutual Life Ins. Co., 291 U.S. 491, 497, 498, 54 S.Ct. 461, 463, 78 L.Ed. 934, 90 A.L.R. 1382, the court said:

"This distinction between accidental external means and accidental result has been generally recognized and applied where the stipulated liability is for injury resulting from an accidental external means. See Aetna Life Ins. Co. v. Brand (C.C.A.) 265 F. 6, 13 A.L.R. 657; Lincoln National Ins. Co. v. Erickson (C.C.A.) 42 F.(2d) 997; Jensma v. Sun Life Assurance Co. [(C.C. A.) 64 F.(2d) 457]; Order of United Commercial Travelers v. Shane (C.C.A.) 64 F. (2d) 55; contra, Mutual Life Ins. Co. v. Dodge (C.C.A.) 11 F.(2d) 486, 59 A.L.R. 1290. And injury from sunstroke, when resulting from voluntary exposure by an insured to the sun's rays, even though an accident, see Ismay, Imrie & Co. v. Williamson [1908] A.C. 437, has been generally held not to have been caused by external accidental means. Nickman v. New York Life Ins. Co. (C.C.A.) 39 F.(2d) 763; Paist v. Aetna Life Ins. Co. (D.C.) 54 F.(2d) 393; Harloe v. California State Life Ins. Co., 206 Cal. 141, 273 P. 560; Continental Casualty Co. v. Pittman, 145 Ga. 641, 89 S.E. 716; Semancik v. Continental Casualty Co., 56 Pa.Super. 392; see Elsey v. Fidelity & Casualty Co., 187 Ind. 447, 120 N.E. 42, L. R.A.1918F, 646; Richards v. Standard Acc. Ins. Co., 58 Utah, 622, 200 P. 1017, 17 A.L.R. 1183; contra, Continental Casualty Co. v. Bruden, 178 Ark. 683, 11 S.W.(2d) 493, 61 A.L.R. 1192; Lower v. Metropolitan Life Ins. Co., 111 N.J.Law, 426, 168 A. 592."

See, also, Dozier v. Fidelity & Casualty Co. (C.C.Mo.) 46 F. 446, 13 L.R.A. 114, 22 L.R.A. 620.

The policy here insured against accidental cause or means as distinguished from accidental result.

Sunstroke or heatstroke when it is caused by voluntary exposure to the sun's rays or to artificial heat and not by unexpected, unanticipated, or unintentional exposure

thereto is not caused by accidental means. Landress v. Insurance Company, supra, and cases therein cited.

It is true that the Supreme Court of Kansas in the recent case of Bukata v. Metropolitan Life Insurance Company, 145 Kan. 858, 67 P.(2d) 607, reached a contrary conclusion where the policy insured against death "effected solely through external, violent, and accidental means." That court declined to recognize the distinction between accidental means and accidental result and followed the doctrine of the dissenting opinion in Landress v. Insurance Company, supra.

The construction of a provision in an insurance contract, not prescribed by statute but the result of independent agreement between the parties thereto, is a question of general commercial law on which the federal courts may and should exercise an independent judgment. Black & White Taxicab & Transfer Co. v. B. & Y. Taxicab & Transfer Co., 276 U.S. 518, 530, 48 S. Ct. 404, 72 L.Ed. 681, 57 A.L.R. 426; Washburn & Moen Mfg. Co. v. Reliance M. Ins. Co., 179 U.S. 1, 15, 21 S.Ct. 1, 45 L.Ed. 49; Carpenter v. Insurance Company, 16 Pet. 495, 511, 10 L.Ed. 1044; Odegard v. General Casualty & Surety Co. (C.C.A.8) 44 F.(2d) 31, 38; Aetna Life Ins. Co. v. Johnson (C. C.A.8) 13 F.(2d) 824, 825; Maryland Casualty Co. v. Nellis (C.C.A.6) 75 F.(2d) 23, 25; Pendleton v. Pan American Life Ins. Co. (C.C.A.6) 56 F.(2d) 935, 937; Davis v. Jefferson Standard Life Ins. Co. (C.C.A. 5) 73 F.(2d) 330, 333, 96 A.L.R. 599; Metropolitan Life Ins. Co. v. Foster (C.C.A.5) 67 F.(2d) 264, 266; Pilot Life Ins. Co. v. Owen (C.C.A.4) 31 F.(2d) 862, 864; Long v. Monarch Accident Ins. Co. (C.C.A.4) 30 F.(2d) 929, 930.

The decision in Bukata v. Insurance Company, supra, is in conflict with Landress v. Insurance Company, supra, and Sentinel Life Insurance Company v. Blackmer, supra, and many authorities therein cited. The policy here involved was issued long before the Kansas decision was handed down. While it is entitled to respectful consideration by us, we do not think it justifies our departure from contra decisions of the federal courts.

The judgment is reversed and the cause remanded with instructions to sustain the demurrer.