Per Curiam.

The locking of the bumpers was accidental, but it caused insured no injury. It is what insured did after that that caused his death. Plaintiff’s bill of particulars states: “ in attempting to separate the two cars after the accident, the decedent put too much strain on his heart in attempting to separate the said cars, and in doing so, caused his heart to stop operating and to drop dead instantaneously from heart failure”. Thus, it is evident insured’s death resulted from his willful act and not from the accidental locking of the bumper's. His attempt to unlock the bumpers was not inextricably connected with the accident since the accident had not created an emergency of a compelling nature justifying his action. (Burr v. Commercial Travelers Mut. Acc. Assn., 295 N. Y. 294, 305; Wilcox v. Mutual Life Ins. Co. 265 N. Y. 665; Allendorf v. Fidelity & Cas. Co., 250 N. Y. 529; Fane v. National Assn. of Ry. Postal Clerks, 197 App. Div. 145; Niskern v. United Brotherhood, 93 App. Div. 364; Schecter v. Equitable Life Assur. Soc., 275 App. Div. 958.)
The order should be reversed, with $10 costs and defendant’s motion for summary judgment granted.
Hecht, J. P., Aurelio and Tilzer, JJ., concur.
Order reversed, etc.