J. C. Stone *v.* Fidelity & Casualty Co. of New York.

(*Knoxville.*   September Term, 1915.)

1.   INSURANCE.   Accident insurance.   "Accidental means."

An injury is not produced by accidental means, within the terms of a policy, where it is the natural result of an act or acts in which the insured intentionally engages, and is caused by a voluntary, natural, ordinary movement, executed as was intended.   (*Post, pp.* 675-678.)

Cases cited and approved:   In re Scarr, 1 K. B., 367;   Cledera v. Scottish Accident Ins. Co., 19 R., 355;   Smith v. Travelers' Ins. Co., 219 Mass., 147;   Feder v. Iowa St. Traveling Men's Ass'n., 107 Iowa, 538;   Shanberg v. Fidelity & Casualty Co. (C. C.), 143 Fed., 651;   Lehman v. Great West. Acc. Ass'n, 155 Iowa, 737;   Smouse v. Iowa St. Traveling Men's Ass'n, 118 Iowa, 436;   McCarthy v. Travelers' Ins. Co., 8 Biss., 362;   Niskern v. United Brotherhood, 93 App. Div., 364;   Hastings v. Travelers' Ins. Co. (C. C.), 190 Fed., 258;   Cobb v. Preferred Mut. Acc. Ass'n, 96 Ga., 818;   Travelers' Ins. Co. v. Selden, 78 Fed., 285;   Southard v. Railway Passengers, etc., Co., 34 Conn., 576;   Standard Life & Acc. Ins. Co. v. Schmaltz, 66 Ark., 588;   Atlanta Acc. Ass'n v. Alexander, 104 Ga., 709;   McGlinchey v. Fidelity & Casualty Co., 80 Me., 251;   Reynolds v. Equitable Acc. Ass'n, 59 Hun., 13;   Pervangher v. Casualty, etc., Co., 85 Miss., 31;   Bailey v. Interstate Casualty Co., 8 App. Div., 127;   Rodey v. Travelers' Ins. Co., 3 N. M. (Gild.), 543;   Taylor v. Gen. Acc. Corp., 208 Pa., 439;   Stout v. Pac. Mut. L. Ins. Co., 130 Cal., 471;   Mutual Acc. Ass'n v. Barry, 131 U. S., 100;   North Am. Life & A. Ins. Co. v. Burroughs, 69 Pa., 43;   Horsefall v. Pacific Mutual L. Ins. Co., 32 Wash., 132;   Young v. Railway Mail Ass'n, 126 Mo. App., 325;   Rose v. Commercial Mut. Acc. Co., 12 Pa. Super. Ct., 394; Patterson v. Ocean Acc. & Guaranty Co., 25 App. D. C., 46,

Stone v. Fidelity & Casualty Co.

2. **INSURANCE.** Accident Insurance. "Accidental means."

Complainant, who attended a football game on a cool day when the ground was damp, and contracted a cold, resulting in lumbago, and who after medical treatment and the debility resulting from a purgative, and while lying in bed, had a paper brought, reached for it, and raised it suddenly above his head, when his strong blood pressure caused a rupture of the retina, destroying the sight of one eye, could not recover on a policy insuring him against bodily injury through "accidental means," since, while the result was not forseen, the cause producing the result was not accidental, but an ordinary natural movement, executed as intended. (*Post, pp.* 678-680.)

Case cited and approved: Insurance Co. v. Bennett, 90 Tenn., 256.

---

FROM HAMILTON

---

Appeal from the Chancery Court of Hamilton County.—W. B. GARVIN, Chancellor.

SPEARS & SPEARS, for appellant.

THOMPSON, WILLIAMS & THOMPSON, CREED F. BATES and JAMES B. WRIGHT, for appellee.

MR. JUSTICE FANCHER delivered the opinion of the Court.

Complainant sued to recover under the terms of a policy which was to insure him against bodily injury sustained during the term of one year, through accidental means, and resulting directly, independently,

133 Tenn. 43

and exclusively of all other causes, in immediate, continuous, and total disability. The injury complained of is stated as follows:

"Complainant would now show the court that some time in November, 1913, he went to Nashville, Tennessee, to attend the football game between Vanderbilt and Sewanee; that the day was rather cool, and the ground was rather damp; he attended the game on the afternoon of November 27, 1913, and at that time contracted a cold, resulting in lumbago; that he stayed in Nashville all night, and sat up until about twelve o'clock, returning home the next day, the 28th. On the morning of the 28th he awoke with a cold and lumbago, and in the evening came home and went to bed, and was confined to his room and bed for seven consecutive days. He consulted Dr. Mitchell and told Dr. Mitchell that he was going to take some medicine known as 'black draught,' thinking by this means to clean out his system, and thus restore his health. This medicine was composed of two-thirds of a pint of whisky and a box of 'black draught,' which was a very strong liver medicine. These were poured together so as to make the whole in quantity above one quart. The effect of this medicine was to purge his system. Complainant took a dose of this medicine on the morning of the third of December before supper (breakfast) and continued this treatment, taking it before each meal until the following evening. The consequence of taking this medicine was to debilitate the system, and this resulted in a very weak physical condition. This

condition obtained until Thursday, when complainant was lying on the bed, and had had a short nap up to about eight o'clock. Thereupon he called his wife to bring him the Nashville Banner, and asked her to turn on the light at the head of the bed so that he might read the paper. Complainant then reached for the paper and raised it above his head, and the light was turned on, when he found he had lost the sight of his left eye. On raising his hands he felt some change had come over his left eye. On consulting a physician he was informed that the loss of his left eye was due to the fact that in his weakened condition resulting from the purging of the 'black draught,' that he raised his hand suddenly to get the paper, and that his blood pressure was strong and rushed to his head, causing a blood rupture of the retina—that is causing a little clot of blood to rest on the nerve of the eye or in the retina, thereby destroying his sight. Complainant charges that the loss of his left eye resulted wholly from accidental means."

The demurrer which the chancellor sustained raises the point that the injury or disability suffered was caused by sickness or disease, and not through accidental means, resulting directly, independently, and exclusively of all other causes.

The general rule is that an injury is not produced by accidental means, within the meaning of this policy, where the injury is the natural result of an act or acts in which the insured intentionally engages. A person may do certain acts the result of which produces un-

foreseen consequences resulting in what is termed an accident; yet it does not come within the terms of this contract. The policy does not insure against an injury that may be caused by a voluntary, natural, ordinary movement, executed exactly as was intended.

Therefore, to determine the matter, we look, not to the result merely, but to the means producing the result. It is not sufficient that the injury be unusual and unexpected, but the cause itself must have been unexpected and accidental. *In re Scarr* (1905), 1 K. B., 367, 2 B. R. C., 358, 82 L. T. N. S., 128, 21 Times L. R., 173, 1 Ann. Cas., 787; *Cledera* v. *Scottish Accident Ins. Co.*, (1892), 19 R., 355, 29 Scott L. R., 303; *Smith* v. *Travelers' Ins. Co.* (1914), 219 Mass., 147, 106 N. E., 607, L. R. A., 1915B, 872; *Feder* v. *Iowa St. Traveling Men's Ass'n,* 107 Iowa, 538, 78 N. W., 252, 43 L. R. A., 693, 70 Am. St. Rep., 212; *Shanberg* v. *Fidelity & Casuality Co.* (C. C.), 143 Fed., 651, affirmed in 158 Fed., 1, 85 C. C. A., 343, 19 L. R. A. (N. S.), 1206; *Lehman* v. *Great West Acc. Ass'n,* 155 Iowa, 737, 133 N. W., 752, 42 L. R. A. (N. S.), 563; *Smouse* v. *Iowa St. Travling Men's Ass'n,* 118 Iowa, 436, 92 N. W., 53; *McCarthy* v. *Travelers' Ins. Co.,* 8 Biss., 362, Fed. Cas., No. 8,682; *Niskern* v. *United Brotherhood,* 93 App. Div., 364, 87 N. Y. Supp., 640; *Hastings* v. *Travelers' Ins. Co.* (C. C.), 190 Fed., 258; *Cobb* v. *Preferred Mut. Acc. Ass'n,* 96 Ga., 818, 22 S. E., 976; *Travelers' Ins. Co.* v. *Selden,* 78 Fed., 285, 24 C. C. A., 92; *Southard* v. *Railway Passenger, etc., Co.,* 34 Conn., 576, Fed. Cas., No. 13,182.

Attention is especially directed to the very excellent notes on the subject in 42 L. R. A. (N. S.), 563, and I Ann. Cas., 787. These notes illustrate the subject by statements of the facts.

In the foregoing cases no liability was found, because the injury was not produced by accidental means.

In *Cobb* v. *Preferred Mut. Acc. Ass'n,* supra, the plaintiff was in a feeble condition, and in carrying his baggage a short distance it was found that his eye was affected, finally resulting in blindness. The plaintiff had not fallen nor received any shock, blow, or jar, and there was nothing unusual in the manner of carrying the baggage or his movement while so doing. It was considered that the means producing the injury were not accidental.

In *Feder* v. *Iowa St. Traveling Men's Ass'n,* supra, a rupture of an artery occurred while the insured was reaching in an ordinary way over a chair to close some window shutters, and he did not fall or lose his balance. Everything was done as was intended. It was held the rupture was not sustained through accidental means.

The same doctrine is announced in other cases, but a recovery had because the injury was sustained through accidental means. These cases are *Standard Life & Acc. Ins. Co.* v. *Schmaltz,* 66 Ark., 588, 53 S. W., 49, 74 Am. St. Rep., 112; *Atlanta Acc. Ass'n* v. *Alexander,* 104 Ga., 709, 30 S. E., 939, 42 L. R. A., 188; *McGlinchey* v. *Fidelity & Casualty Co.,* 80 Me., 251, 14 Atl., 13, 6 Am. St. Rep., 190; *Reynolds* v. *Equitable*

*Acc. Ass'n,* 59 Hun, 13, 1 N. Y. Supp., 738; *Pervangher* v. *Casualty, etc., Co.,* 85 Miss., 31, 37 South., 461; *Bailey* v. *Interstate Casualty Co.,* 8 App. Div., 127, 40 N. Y. Supp., 513; *Rodney* v. *Travelers' Ins. Co.,* 3 N. M. (Gild.), 543, 9 Pac., 348; *Taylor* v. *Gen. Acc. Corp.,* 208 Pa., 439, 57 Atl., 830; *Stout* v. *Pac. Mut. L. Ins. Co.,* 130 Cal., 471, 62 Pac., 732; *Mutual Acc. Ass'n* v. *Barry,* 131 U. S., 100, 9 Sup. Ct., 755, 33 L. Ed., 60.

The following authorities are in conflict with those above cited: *North American L. & A. Ins. Co.* v. *Burroughs,* 69 Pa., 43, 8 Am. Rep., 212; *Horsefall* v. *Pacific Mut. L. Ins. Co.,* 32 Wash., 132, 72 Pac., 1028, 63 L. R. A., 425, 98 Am. St. Rep., 846; *Young* v. *Railway Mail Ass'n,* 126 Mo. App., 325, 103 S. W., 557; *Rose* v. *Commercial Mut. Acc. Co.,* 12 Pa. Super. Ct., 394; *Patterson* v. *Ocean Acc. & Guaranty Co.,* 25 App. D. C., 46.

Now, looking to the particular facts here alleged, we find the cause alleged to have produced the injury was a natural and ordinary movement. Complainant was lying quietly on the bed, and called to his wife to bring him the 'Nashville Banner that he might read it. He then reached for the paper and raised it above his head, and the light was turned on, when he found he had lost the sight of his left eye. He was informed by his physician that the loss of the eye was due to the fact that in his weakened condition, resulting from the purgative he had taken, he raised his hand suddenly to get the paper, and that his blood pressure was

strong and rushed to his head, causing a blood rupture of the retina, thereby destroying his sight. The weakened condition due to the purgative was not accidental, nor was the excessive blood pressure; both being physical conditions produced from natural causes. The movement of the hand suddenly to get the paper was executed exactly as intended. It was a simple and ordinary movement. The rushing of the blood with excessive pressure, rupturing the retina, was therefore caused by natural means. While the result was not foreseen, the causes producing that result were not accidental. It is well in line with the cases above cited sustaining the majority rule, which we adopt. This rule affords a reasonable interpretation of the contract.

The position here taken is not in conflict, as we view it, with the opinion of our court in *Insurance Co.* v. *Bennett,* 6 Pick. (90 Tenn.), 256, 16 S. W., 723, 25 Am. St. Rep., 685, when the facts of that case are properly considered.

We deem it unnecessary to pass upon the next point, raised by demurrer, namely, that if the injury may be said to have resulted through accidental means, yet it did not so result "directly, independently, and exclusively of all other causes." The learned chancellor sustained the demurrer in this respect also, and there is strong authority for his position. But, inasmuch as the foregoing is decisive of the case, and the question of proximate cause and what

contributing facts would be too remote to be considered as entering into the accidental means producing the injury must depend upon the facts of each case, discussion on that point is omitted..

Affirmed.