WILLIAM LEWIS McFARLAND v. THE MASSACHUSETTS BOND-
ING & INSURANCE COMPANY.*

(*Nashville.* September Term, 1927.)

Opinion filed July 14, 1928.

1. ACCIDENT INSURANCE. ACCIDENTAL MEANS. VOLUN-
TARY ACT. INFECTION FROM PULLING TOOTH.

An infection resulting after the pulling of a tooth is not an injury
produced by accidental means so as to allow recovery under an
accident policy which excludes from its benefits injuries arising
as the natural result of an act or acts in which the insured in-
tentionally engages. The means must be accidental. (Post, p.
256.)

Citing: Ramsey v. Fidelity & Cas. Co., 143 Tenn., 42; Stone v.
Fidelity & Casualty Co., 133 Tenn., 673, 182 S. W., 252, L. R. A.
1916 D, 536 Ann. Cas. 1917A, 86.

2. ACCIDENT INSURANCE. ACCIDENTAL MEANS. INFEC-
TION OF EYE BY GONOCOCCI GERM.

The infection of and injury to the eye of insured by gonococci
germs, where the insured has not been afflicted with gonorrhea is
an accidental injury under an accident insurance policy which pro-
vides "against disability or death resulting directly and inde-
pendently of all other causes from bodily injuries ¡sustained
through external, violent and accidental means." (Post, p. 257.)

Citing: Sullivan v. Modern Brotherhood, 167 Mich., 524; Dent v.
Railway Mail Association, 183 Fed., 840; Omberg v. United States
Mutual Accident Assn., 101 Ky., 303; Columbia Paperstock Co.
v. Fidelity Company, 104 Mo. App., 157; Anne Christ v. Pacific
Mutual Loan Ins. Co., 312 Ill., 525, 144 N. E., 161; Fidelity &
Casualty Co. v. Loewenstein, 38 C. C. A., 29 (97 Fed. 17); Fidel-
ity & Casualty Company v. Waterman, 161 Ill., 632; Pickett v.

Pacific Mutual Life Ins. Company, 144 Pa., 79; Travelers Insurance Company v. Ayers, 217 Ill., 391; Cooley's Briefs on Insurance, vol. 4, pp. 3161-2; Welford's Accident Insurance X 182, 183, 294, 295, 296.

3. **ACCIDENT INSURANCE. CHANCERY PLEADING. ALLEGATIONS OF BILL. DEMURRER.**

A bill brought to recover on an accident insurance policy for injuries to an eye caused by infection from gonorrhea germs of the "exact time when and the place where these germs entered his eye" and alleging that the injury was sustained "through external violent and accidental means, independently of all other causes," and that the germs entered his eyes "without his knowledge or consent, is not subject to demurrer. (Post, p. 258.)

4. **CHANCERY PLEADINGS. BILL. DEMURRER.**

"The Courts make every reasonable presumption in favor of the bill when assailed by a demurrer; and if, upon a critical examination of the facts stated in the bill, there is a possibility that the suit may be sustained, though upon a different ground from that assumed, a demurrer to the whole bill will be overruled, the policy of the Courts being, to give every complainant an opportunity to be heard on the merits of his case, when any equity whatever appears in his bill, although defectively stated. " (Post, p. 260.)

Citing: Gibson's Suits in Chancery, sec. 317.

5. **CHANCERY PLEADING. BILL.**

"A general charge or statement of a matter of fact is sufficient, and it is not necessary to charge minutely all the circumstances that may conduce to prove the general charge. These circumstances are properly matters of evidence." (Post, p. 260.)

Citing: 3 Ency. P. & P., 355, under "Bill in Equity."

---

### FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —Hon. JAS. B. NEWMAN, Chancellor.

WALTER STOKES, for complainant.

McGUGIN, EVANS & CATE, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This suit was brought to collect benefits under an accident policy insuring "against disability or death resulting directly, and independently of all other causes, from bodily injury sustained through external, violent and accidental means, suicide, sane or insane, not included." A demurrer was sustained by the Chancellor on the ground, in substance, that the bill failed to allege facts showing that the injury resulted from external, violent and accidental means. The injury was to the eyes of complainant, into which it was alleged that gonococci germs had entered from some external source "with violence sufficient to impact themselves in the tissues of his eyes;" and further that the germs entered his eye "without his knowledge or consent," that is, unintentionally.

(1) Counsel in argument, and the Chancellor in his opinion, correctly stress the distinction recognized by this Court in *Ramsey* v. *Fidelity & Cas. Co.,* 143 Tenn., 42, between an injury sustained through *accidental means,* and one which is the natural result of an act in which the insured intentionally engages. That was a case of infection resulting after the pulling of a tooth, and while the Court recognized that infection resulting

from an accidental wound is covered by the clause in question in an accident policy, plaintiff was denied recovery upon the ground that the pulling of the tooth was the voluntary act of the insured and that an injury is not produced by accidental means within the meaning of an accident policy where the injury is the natural result of an act, or acts, in which the insured intentionally engages, citing, *Stone* v. *Fid. & Cas. Co.*, 133 Tenn., 673, 182 S. W. 252, L. R. A., 1916D, 536 Ann. Cas. 1917A, 86. Undoubtedly the rule is that the *means* must be accidental.

(2) It may be here noted parenthetically that the authorities appear to sustain a recovery under the standard clause under consideration in cases of infection similar to this, where the means, that is the infection, was accidental, as distinguished from being merely the unexpected result of voluntary or intentional acts of the insured. In *Sullivan* v. *Modern Brotherhood*, 167 Mich. 524, an eye was infected with gonococci germs by splashing water from a tub while washing clothes. *Dent* v. *Railway Mail Association*, 183 Fed. 840, was a case of injury to the hand from coming in contact with poison ivy. *Omberg* v. *United States Mutual Accident Assn.*, 101 Ky., 303, was a case of blood poisoning resulting from the bite of an insect. *Columbia Paperstock Co.* v. *Fidelity Company*, 104 Mo. App. 157, was a case in which kidney disease or dropsy caused by absorption of poison in handling infected rags or wall paper was held to be a recoverable injury. The recent typhoid germ case of *Anne Christ* v. *Pacific Mutual Loan Ins. Co.*, 312 Ill. 525, 144 N. E. 161 is reported and annotated in 35 A. L. R. 730, and will be found to contain an exhaustive review of the authorities. Other cases along similar lines are

157 Tenn.—17.

*Fidelity & Casualty Company* v. *Loewenstein,* 38 C. C. A., 29 (97 Fed. 17); *Fidelity & Casualty Company* v. *Waterman,* 161 Ill., 632; *Pickett.* v. *Pacific Mutual Life Ins. Company,* 144 Pa., 79; *Travelers Insurance Company* v. *Ayers,* 217 Ill., 391. Also see Vol. 4 Cooley's Briefs on Insurance, pages 3161-2, and Welford's Accident Insurance, a recent English work, at pages 182, 183, 294, 295 and 296. Many cases are cited in the notes.

*(3)* Now proceeding upon this sound legal premise, that the means must be accidental, it was held below, and insisted for the defendant company here, that because the bill admits ignorance of the "exact time when and the place where these germs entered his eyes" that the means are not alleged to have been accidental. Analyzed and summed up the contention is that, since liability exists only when the means are accidental, there can be no recovery without an allegation of facts as to the "time when and the place where these germs entered his eyes;" that otherwise the pleading is fatally defective in particularity.

Conceding, as insisted, that the allegation made in terms that the injury was sustained "through external, violent and accidental means, independently of all other causes," is a conclusion of the pleader only, does the bill as a whole state a case?

Looking to the bill it appears that, while complainant frankly admits that he "is unable to state the exact time when and the place where these germs entered his eyes," he avers (1) that they came from some *external* source, supporting this averment with the statement that he had never been afflicted with gonorrhea and had never before had such germs in his body. He also says (2) that the entry was *violent,* this being apparent from the

fact of their impact in the tissues of the eye. The allegations essential to charge external and violent means are thus sufficiently made; and when in addition he charges that they entered his eyes ''without his knowledge or consent'' he clearly negatives the conclusion that the injury was intentionally inflicted. It was therefore alleged to be accidental, unless his inability to state the exact time and place is fatal. In cases of this character particularity in this regard is oftentimes impossible. One might make a journey of days by rail and at the end of the journey discover his eye to be inflamed and painful and find a cinder embedded therein. That he could not state the exact time or place would not be fatal to his demand under such a policy. Other illustrations could be given. Such germs are alleged and well known to be invisible to the naked eye. Neither the injured, nor any other person could see them enter. This is true of similar germs of typhoid, erysipelas, and pneumonia, and often of infectious poisons, in which cases liability has been adjudged. See authorities above cited.

Moreover, it is not proof of the exact time and place which is essential to the right of recovery, if while the policy was in force. It is requisite only that such circumstances be shown as will convince of the fact that the injury took place and accidentally. This proof may be by way of reasonable deduction from established results. When the injury is established and shown to have been through external and violent means, and it appears that it was not intentionally inflicted, the requirements of the contract of the policy are sufficiently met,—unless it appears that it was the natural result of some voluntary act of the insured. Neither the language of the bill, nor fair deductions therefrom, bring this case with-

in the rule recognized in *Ramsey* v. *Fidelity Co., supra,* and other authorities cited by counsel to the same effect. That the entry of these germs·was the natural result of some voluntary and intentional act of the insured is not only not alleged or fairly to be deduced, but is negatived by the character of the injury.

(4) It will be borne in mind that we are disposing of a demurrer, a pleading not favored. "The Courts make every reasonable presumption in favor of the bill when assailed by a demurrer; and if, upon a critical exam· ination of the facts stated in the bill, there is a possibility that the suit may be sustained, though upon a different ground from that assumed, a demurrer to the whole bill will be overruled, the policy of the Courts being, to give every complainant an opportunity to be heard on the merits of his case, when any Equity whatever appears in his bill, although defectively stated." Gibson's Suits in Chancery, Sec. 317.

(5) We are of opinion that the bill in this case meets the essential requirements as a pleading. In 3 Ency. P. & P., 355, under "Bill in Equity," it is said: "A general charge or statement of a matter of fact is sufficient, and it is not necessary to charge minutely all the circum· stances that may conduce to prove the general charge. These circumstances are properly matters of evidence."

The decree of the learned Chancellor sustaining the demurrer must be reversed and the cause remanded, without prejudice, of course, to the interposition by answer and proof of the defense of non-accidental means.