MCFARLAND *v.* MASS. BONDING & INSURANCE COMPANY.*

(*Nashville,* December Term, 1929.)

Opinion filed  April 5, 1930.

---

*Corpus Juris-Cyc References: Accident Insurance, 1 C. J., section 334, p. 504, n. 48.

WALTER STOKES, for complainant, appellee.

McGugin & Evans, for defendant, appellant.

Mr. Justice Cook delivered the opinion of the Court.

The bill was filed to recover benefits under a policy insuring "against disability resulting directly, and independently of all other causes, from bodily injury sustained through external, violent and accidental means." Complainant's right to recover upon the facts shown in the bill is declared in the opinion and judgment of the court reversing the chancellor and remanding the cause for further proceedings, as shown in *McFarland* v. *Massachusetts Bonding & Insurance Company*, 157 Tenn., 254. After remand the cause was heard upon agreed facts that include and cover all the statements of the bill and the chancellor awarded benefits for ten weeks disability.

The Company insists that the chancellor erred because there are no facts admitted or stipulated to sustain his finding.

It is stipulated: On May 3, 1926, complainant's eyes became inflamed, causing pain. Thereupon he went to an oculist who found that gonococci germs were in his eyes, but the exact time and place where these germs entered complainant's eyes he does not know. These germs are not visible to the human eye and their entry and presence was not known to complainant until said inflammation set in. They entered his eyes without his knowledge or consent. He was not at the time said inflammation set in, nor was he ever in his life, afflicted with gonorrhea, or did he ever before said inflammation knowingly have the germs thereof in his body. It is further stipulated said germs could be injected into the eye by rubbing with the finger or hand or infected cloth.

It is said the unexplained existence of the germs in complainant's eyes does not sustain the chancellor's conclusion that the injury resulted through external, violent and accidental means. The stipulation excludes the theory of conscious, voluntary communication of the germs to the eyes by any act of complainant. The defendant so admits but says the means, and not the injury, is contemplated by the provisions of the policy and if the object is communicated by the insured, though done innocently, the result could not be an accident. Proceeding further, it is said on behalf of defendant:

"The differentiation is whether the results are produced by a voluntary act executed as intended but resulting in unknown, unforeseen, unexpected and unanticipated consequences, which is not an accidental means within the terms of such policy, or the very *means* producing the results are themselves accidental. To illustrate, if the eye was rubbed with the finger, hand or a cloth infected with the germ but unknown to the assured, his injuries are due to a voluntary act executed as intended. If on the street the wind blew the germ into his eye so that it became impacted and imbedded, the very means of getting the germ into his eyes was accidental. Under the authorities in the former instance the injury is not accidental, in the latter it is."

The mind reluctantly yields to the conclusion that germs—pathogenic bacteria—are auto-projectiles capable of external acts of violence producing—not disease—but accidental injury. However, the conclusion seems to be well supported by the authorities cited in the published opinion, and that proposition, coupled with the one presented through appellant's assignments of error present the dilemma:

If it is an accident when the germ comes from space and strikes the victim, what is it when the germ crawls from the hand or object in the hand and digs in?

Counsel for appellant says the result last referred to would not be an accident within the terms of the policy. We think the opinion upon remand is determinative. It was said:

" . . . the authorities appear to sustain a recovery under the standard clause under consideration in cases of infection similar to this, where the means—that is, the infection—was accidental, as distinguished from being merely the unexpected result of voluntary or intentional acts of the insured.

. . . . . .

"Moreover, it is not proof of the exact time and place which is essential to the right of recovery, if while the policy was in force; it is requisite only that such circumstances be shown as will convince of the fact that the injury took place and accidentally. This proof may be by way of reasonable deduction from established results. When the injury is established and shown to have been through external and violent means, and it appears that it was not intentionally inflicted, the requirements of the contract of the policy are sufficiently met, unless it appears that it was the natural result of some voluntary act of the insured."

It was stipulated that the infection was not consciously voluntarily communicated by complainant to his eyes and that it was not an offspring of a previous infection; that complainant was never before infected with gonococci germs. This and other stipulations bring the facts within the rule declared by the opinion. Taking it alto-

gether, it was held upon former review that the policy insuring against accidental injury covers injury resulting from the effect of gonococci germs that invaded complainant's eyes without his knowledge. Affirmed.