SCOTT *v.* METROPOLITAN LIFE INS. CO.

(*Knoxville*, September Term, 1935.)

Opinion filed Nov. 23, 1935.

J. W. LEE, of Chattanooga, for plaintiff in error.

THOMAS, THOMAS & FOLTS, of Chattanooga, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit by the beneficiary of a life insurance policy to recover the additional indemnity provided by

that contract in case the death of the insured resulted "directly and independently of all other causes," "solely through external, violent, and accidental means."

The declaration contains the following averment of the circumstances of the insured's death:

"The plaintiff further alleges that on or about July 24, 1934, the deceased, John Clayton, the insured under the above described insurance policy, suffered death from the effects of a sunstroke and fall, receiving a severe injury to the back of his head in addition to prostration from the sunstroke, while firing a boiler at the Chickamauga Knitting Mill, at Chattanooga, Tennessee, dying a few hours later from the effects of said sunstroke and injury to his head."

The trial judge sustained a demurrer to plaintiff's declaration, and the latter has appealed.

The question presented is whether a death from sunstroke, or heat prostration, the insured's exposure being voluntary and intentional, and nothing else appearing, is the result of accidental means within the meaning of a policy such as the one before us. The decisions elsewhere are in conflict. They are collected in notes, 17 A. L. R., 1197, 61 A. L. R., 1197, and 90 A. L. R., 1387. A review of these authorities is not necessary, since repeated decisions of this court have indicated the limits of coverage given in this jurisdiction to a policy insuring against death resulting from accidental means.

In *Stone* v. *Fidelity & Casualty Co.*, 133 Tenn., 672, 182 S. W., 252, L. R. A., 1916D, 536, Ann. Cas., 1917A, 86, it was said:

"The general rule is that an injury is not produced by accidental means, within the meaning of this policy, where the injury is the natural result of an act or acts

in which the insured intentionally engages. A person may do certain acts the result of which produces unforeseen consequences resulting in what is termed an accident; yet it does not come within the terms of this contract. The policy does not insure against an injury that may be caused by a voluntary, natural, ordinary movement, executed exactly as was intended. Therefore, to determine the matter, we look, not to the result merely, but to the means producing the result. It is not sufficient that the injury be unusual and unexpected, but the cause itself must have been unexpected and accidental.''

The foregoing was quoted and approved in *Ramsey* v. *Fidelity & Casualty Co.*, 143 Tenn., 42, 223 S. W., 841, 13 A. L. R., 651, and the rule announced again recognized in *McFarland* v. *Massachusetts Bonding & Ins. Co.*, 157 Tenn., 254, 8 S. W. (2d), 369, 64 A. L. R., 962.

*Hahn* v. *Home Life Ins. Co. of N. Y.*, 169 Tenn., 232, 84 S. W. (2d), 361, is not at all in conflict. That was a case of death from ptomaine poisoning. Tainted food was the means of death. The intention of the insured was to eat wholesome food. His eating poison food was accidental.

The declaration here avers that the injury that occasioned insured's death was ''unforeseen, unexpected, fortuitous, and accidental.'' See *Hartford Accident, etc., Co.* v. *Hay*, 159 Tenn., 202, 17 S. W. (2d), 904. There is no averment that the external means—the heat present in a Tennessee boiler room as of July 24—was unforeseen, unexpected, or unusual. Nor is there any averment that the insured's exposure to the means— his firing the boiler—was anything but an intentional act.

Although recognizing the force of the contrary contentions, we feel that our previous decisions require an affirmance of the court below. It may be added that the Supreme Court of the United States has quite recently held that a death from sunstroke, the exposure of deceased being voluntary, was not a death from accidental means, that court taking the distinction between accidental means and accidental result long since adopted in this jurisdiction.[1]

The decisions in workmen's compensation cases may be left out of consideration. Under that statute (Code 1932, section 6851 et seq.), the employer is liable for injuries from accidents to employees arising out of and in the course of their employment. The statute is concerned to afford protection against accidental results. In the sense of the statute, broadly speaking, the employment itself is the means of the accident and the employment, of course, is never accidental.

Affirmed.

---

[1] See Landress v. Phoenix Mut. Life Ins. Co., 291 U. S., 491, 54 S. Ct., 461, 78 L. Ed., 934, 90 A. L. R., 1382.