STATE *ex rel.* TOBIN *v.* INDEPENDENT LIFE INS. CO. OF
AMERICA *et al.*

(*Nashville,* December Term, 1935.)

Opinion filed April 4, 1936.

WALKER & HOOKER, of Nashville, for appellant.

W. P. COOPER, of Nashville, for appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

In this cause the affairs of the Independent Life Insurance Company of America are being administered by a receiver. This appeal is from a decree of the chancellor upon an intervening petition of Mrs. Vervie Brazil. The petition was filed to recover on an accident insurance policy issued upon the life of petitioner's child, aged six years, who was killed by a fall from an automobile. The chancellor decreed in favor of the petitioner and the receiver has brought the case to this court.

The policy undertook to protect the insured, among other things, against injuries occasioned ''by any accident to any private horse drawn vehicle or private motor driven automobile in which insured is riding or driving . . . provided that in all cases referred to in this paragraph there shall be some external or visible evidence on said vehicle of the collision or accident.''

The relevant facts are thus stated in the petition:

''On Sunday, December 9, 1934, the complainant, Mrs. Vervie Brazil, was riding in a 1933 model Chrysler coupe automobile, then being driven by her husband, William A. Brazil, on state of Tennessee Highway No. 112, at a point about one and one-half miles northwest of the village of Bordeaux, about 2 o'clock P. M., on the said date. Other occupants of the car were the two sons of the said William A. Brazil by a former marriage, who were riding in the rumble seat of said automobile. Said automobile was traveling at a moderate rate of speed, in a normal manner with the doors closed. The complainant was sitting next to her husband with her little girl, the deceased, Opal L. Tucker, sitting on her right

and next to the door of the automobile, when all of a sudden the door of the automobile next to which the said child was sitting, accidentally and unexpectedly flew open. The child thereupon and by reason of this accidental and unexpected opening of the door fell out of the automobile. It ran over her body, fatally crushing and wounding her. She was immediately taken to the hospital, where she lived until the next morning at about 2 o'clock A. M. when she died. Said automobile and said door were at the time of said accident in perfect mechanical condition. The impact of the child's body against parts of the door at the time made a visible indentation or mark on the automobile and there was plainly visible and external evidence on said auto of the said accident. All of which facts were known to the defendant, whose investigator reported them in full immediately after the accident.''

The demurrer of the receiver made the point that the facts stated did not show any accident to the automobile and it is conceded that, if recovery can be had, it must rest upon the provision of the policy covering an accident to the automobile in which the insured was riding.

We think the chancellor reached the correct conclusion. An accident as defined in workmen's compensation cases and in our decisions defining accidental means as those words are used in insurance policies is an event not reasonably to be foreseen, unexpected, and fortuitous. *Hartford Accident & Indemnity Co.* v. *Hay,* 159 Tenn., 202, 17 S. W. (2d), 904; *King* v. *Buckeye Cotton Oil Co.,* 155 Tenn., 491, 296 S. W., 3, 53 A. L. R., 1086; *Meade-Fiber Corp.* v. *Starnes,* 147 Tenn., 362, 247 S. W., 989; *McFarland* v. *Massachusetts Bonding & Insurance Co.,* 157 Tenn., 254, 8 S. W. (2d), 369, 64 A. L. R., 962; *Stone* v.

*Fidelity & Casualty Co.,* 133 Tenn., 672, 182 S. W., 252, L. R. A., 1916D, 536, Ann. Cas., 1917A, 86; *Accident Insurance Co. v. Bennett,* 90 Tenn., 256, 16 S. W., 723, 25 Am. St. Rep., 685.

For the closed door of an automobile, the car and the door being in perfect mechanical condition, suddenly to fly open, while the car is traveling at a moderate rate of speed on a state highway, is an occurrence not reasonably to be foreseen, unexpected, and fortuitous. If such a thing happens to an automobile, it is an accident to the automobile.

We think it beyond controversy that the death of the insured child proximately resulted from this accident.

The language "so long as the vehicle travels safely, no liability attaches under the contract"—a contract like the one before us—found in *Inman* v. *Life & Casualty Co.,* 164 Tenn., 12, 45 S. W. (2d), 1073, was used in respect to the facts of that case. Many accidents might happen to an automobile which would not impede its locomotion.

In *Lutz's Administrator* v. *Inter-Southern Life Ins. Co.,* 236 Ky., 339, 33 S. W. (2d), 20, the policy provision was altogether different from that of the policy here.

Affirmed.