PROVIDENT LIFE & ACCIDENT INS. CO. v. WALLACE.—
137 S. W. (2d), 888.

Eastern Section. October 28, 1939.

Petition for Certiorari denied by Supreme Court, February 17, 1940.

698

Sizer, Chambliss & Kefauver, of Chattanooga, for plaintiff in error.
Harry A. Hite, of Chattanooga, for defendant in error.

PORTRUM, J. The plaintiff below sues the Insurance Company to recover two monthly benefits of $100 each, growing out of a disability allegedly accidently sustained which would entitle him to a recovery under the provisions of an accidental policy carried by him with the company.

The plaintiff's policy covers "bodily injury which is affected solely through external, violent and accidental means . . ." The defense is that the injury complained of does not fall within this category.

The plaintiff says that he stopped his automobile at the curb and went into a store to make a purchase, when he returned and attempted to start his car it started momentarily and stopped and he again stepped on the starter without results and repeated this motion a time or two. He then got out of his car and started to push it in order to start the motor in this manner. He was asked to explain how he started pushing and replied:

"Pushing on the side of the door . . . steering with one hand and pushing with the other.

"Q. As a matter of fact you were putting pressure on the car with both hands? A. Yes sir.

"Q. Now, while you were pushing that car in the manner stated, what happened to you? A. Well, after I got my car started, got back in the car, my side began to hurt me and burn and sting just like I tore something."

He went to his doctor and learned that he sustained a hernia. This consultation was had seven days after the injury, and an operation was performed which disabled him for the period sued for.

It is not insisted that he slipped, or that the car bumped him or that anything unexpectedly happened to him other than the injury.

He intended to push the car in order to start it, and to do so the car must be in gear requiring force to turn over the engine. He was conscious of the strain he was voluntarily exerting and necessarily anticipated the strain, but of course he did not expect a hernia to result from the strain; the only unforeseen and unexpected thing that happened was the rupture, which naturally resulted from the excessive strain voluntarily exerted.

 Upon this state of facts, under the rules adopted in this state, the court is of the opinion that the injury which was effected was not caused solely through external, violent, and accidental means. And this being true, the policy did not cover the injury and the plaintiff was not entitled to a recovery.

"The general rule is that an injury is not produced by accidental means, within the meaning of this policy, where the injured is the natural result of an act or acts in which the insured intentionally engages. A person may do certain acts the result of which produces unforeseen consequences resulting in what is termed an accident; yet it does not come within the terms of this contract. The policy does not insure against an injury that may be cause by a voluntary, natural, ordinary movement, executed exactly as was intended." Stone v. Fidelity & Casualty Co., 133 Tenn., 672, 675, 182 S. W., 252, L. R. A., 1916D, 536, Ann. Cas., 1917A, 86.

This is the majority rule and was adopted by this state in the Stone case and has been followed repeatedly since. In the case of Ramsey v. Fidelity & Casualty Co., 143 Tenn., 42, 48, 223 S. W., 841, 842, 13 A. L. R., 651, the court, quoting from Joyce on Insurance, approved it as follows:

". . . ' A person may do certain acts the result of which acts may produce unforeseen consequences, and may produce what is commonly called accidental death, but the means are exactly what the man intended to use, and did use, and was prepared to use. The means were not accidental, but the results might be accidental.'

. . .

"Nothing may have been done or have occurred which insured had not foreseen and planned, except the injury and the consequence resulting therefrom, and, again, the result which follows assured's act may not have been the usual result thereof, but may have been unusual and unexpected and still not be accidental, as where the act which produced such unexpected result was voluntary. The above applies where the policy provides for recovery in the event of death, but only where death results from bodily injuries effected solely by external, violent, and accidental means. . . ."

█ As said in the case of McFarland v. Mass. Bonding & Insurance Co., 157 Tenn., 254, 8 S. W. (2d), 369, 370, 64 A. L. R., 962, "Undoubtedly the rule is that the means must be accidental." The means of the plaintiff's injury (the strain in moving the car) would

not be considered accidental for he intended to do what he did and nothing occurred tending to frustrate his purpose, such as running into the curb or slipping. The rupture of a blood vessel which is caused by straining due to carrying a grip or reaching for an object is held not to be accidental (Stone v. Fidelity & Casualty Co., supra), and the court can see no distinction between the rupture of a blood vessel due to a strain voluntarily exerted and a rupture or hernia resulting from the same cause.

The judgment of the lower court is reversed, the verdict directed, and the suit dismissed with costs.

Ailor and McAmis, JJ., concur.