ROLLINS *v.* LIFE & CASUALTY INS. CO. OF TENNESSEE.

ROLLINS *v.* INTERSTATE LIFE & ACCIDENT INS. CO.

(*Nashville,* December Term, 1949.)

Opinion filed March 17, 1950.

90

RAULSTON, RAULSTON & SWAFFORD, of Jasper, for appellant.

CHAMBLISS, CHAMBLISS & BROWN, of Chattanooga, for Life & Casualty Ins. Co.

A. A. KELLY, of South Pittsburg, for Interstate Life & Acc. Ins. Co.

MR. JUSTICE GAILOR delivered the opinion of the Court.

These bills were filed in the Chancery Court of Marion County by the beneficiary of two policies of insurance to recover benefits for the accidental death of the insured. The Chancellor sustained demurrers to the bills and the complainant has appealed. We have heard the cases together and it is agreed that the two appeals present a single question, whether the admitted death of the insured was caused by "accidental means," as that phrase was defined in the policies and has been construed by this Court.

The pertinent provisions of the policy issued by the Interstate Life & Accident Insurance Company are:

"Additional Benefit for Death by Accidental Means: Upon receipt of due proof at the Company's Home Office that the Insured after attainment of age five and prior to the attainment of age seventy, has sustained bodily injury directly and solely through external, violent and accidental means occurring after the date of this Policy and resulting in the death of the Insured within ninety days from the date of such bodily injury while this Policy is in force and during the premium paying period but not while in force under the Extended Insurance provision, and while no premium is more than four weeks in arrears, the Company will pay, in addition to any other sums due under this policy and subject to exceptions below and the provisions of this Policy, a benefit for death by accidental means equal to the sum insured."

The policy of the Life and Casualty Insurance Company of Tennessee limited its coverage for accidental death as follows:

"In Consideration of the payment in advance of the weekly—specified in the schedule below, on or before each and every Monday while this policy is in force,

"The Life and Casualty Insurance Company of Tennessee hereby insures the person named in said schedule against loss of life through accidental means and against loss of sight and limb from injury or disease, subject to all the provisions and limitations hereinafter set out.

"Benefit for Death by Accidental Means—If the insured sustains drowning or bodily injury effected solely through violent, external and accidental means, and if such drowning or bodily injury is the direct, independent and proximate cause of the death of the insured within 90 days from the date of such injury, and if such death is not caused or contributed to by disease or in-

firmity, the Company will on surrender of the policy pay the principal sum specified herein."

It is agreed that the coverage in the two cases was the legal contemplation, identical, and that the only question presented is that which we have stated above.

In the two bills, the complainant stated the facts of the death of her husband, the insured, in identical language:

"That on May 9, 1949, the insured was an employee of the Moss Tie Company loading cross ties on Railroad cars in Marion County, Tennessee.

"That on said occasion, the external heat originating from solar origin was so excessive, intense and violent upon and immediately surrounding and enveloping his body that he suffered heat exhaustion and was prostrated thereby and died therefrom on the same date.

"Complainant avers that the said attack of heat exhaustion or sun stroke is an unusual event not ordinarily to be expected or anticipated and hence it is accidental within an accident policy."

Later, by leave, complainant amended her bills to charge as follows: "That the sole cause of the said insured's death was heat prostration, sunstroke and heat exhaustion, the same being caused by unforeseen, unexpected and unusual heat, and that his injury and death were the natural and direct result of a fortuitous and traumatic accidental injury, arising out of, and in the course of his said employment; and the cause of said injury being unexpected and accidental; and that he was more than (5) and less than (70) years of age when his said injury and death occurred."

The question here presented is by no means new in this or other jurisdictions. As is evident from the fol-

lowing annotations in L. R. A. and A. L. R., there is a sharp division among the States: L. R. A., 1916—D, p. 536, Annotated Cases; 1917—A, p. 86; 17 A. L. R. 1197; 61 A. L. R. 1197, and 90 A. L. R. 1387. In the last Annotation, the case of *Landress* v. *Phoenix Mut. Life Ins. Co.*, 291 U. S. 491, 54 S. Ct. 461, 78 L. Ed. 934, 90 A. L. R. 1382, is reported. That case, both on the law and the facts, is directly in point here. It was a Tennessee case, and plaintiff's insured died of sunstroke while playing golf in Chattanooga, Tennessee. The late CHIEF JUSTICE STONE wrote the opinion for the majority of the Court, and in the opinion, clearly stated the majority rule throughout the country, and the rule that has been followed in Tennessee. The late MR. JUSTICE CARDOZO wrote a dissenting opinion, in which he clearly stated the minority rule, and the rule for which the complainant contends in the present case.

The Tennessee rule, which is that followed in a majority of jurisdictions, was thus stated in 1915, and has since been followed without exception by this Court in a number of cases:

"The general rule is that an injury is not produced by accidental means, within the meaning of this policy, where the injury is the natural result of an act or acts in which the insured intentionally engages. A person may do certain acts the result of which produces unforeseen consequences resulting in what is termed an accident; yet it does not come within the terms of this contract. The policy does not insure against an injury that may be caused by a voluntary, natural, ordinary movement, executed exactly as was intended.

"Therefore, to determine the matter, we look, not to the result merely, but to the means producing the result.

It is not sufficient that the injury be unusual and unexpected, but the cause itself must have been unexpected and accidental. (Citing a large number of cases)." *Stone* v. *Fidelity & Casualty Co.*, 133 Tenn. 672, 675-676, 182 S. W. 252, L. R. A. 1916D, 536, Ann. Cas. 1917A, 86:

■ Now, in the original bills, the complainant states that her deceased husband, the insured, was "loading cross-ties," that the external solar heat was "so excessive, intense and violent . . . that he suffered heat exhaustion and was prostrated. . . ." "That the said attack of heat, exhaustion or sunstroke is an unusual event, not ordinarily to be expected or anticipated and hence it is accidental within an accident policy." Eliminating conclusions of the pleader, for example,—that the facts stated make out an accident within an accident policy, the statements are merely of an "accidental result," *viz*: heat exhaustion and heat prostration. There is no attempt to allege an accidental or fortuitous "means" or "cause". And such allegation and proof were essential under the rules stated from *Stone* v. *Fidelity & Casualty Co., supra,* to render the defendants liable under their policies.

■ By the second amendment to the original bills, without adding any facts to make the "means" or "cause" accidental or fortuitous, complainant avers that the "injury and death were the natural and direct result of a fortuitous and traumatic accidental injury arising out of and in the course of his said employment," and "the cause of said injury being unexpected and accidental." Clearly, these allegations are mere conclusions and are not necessarily to be taken as true on demurrer. It has been expressly so held by this Court. *McFarland* v.

*Massachusetts Bonding* & *Insurance Co.,* 157 Tenn. 254, 258, 8 S. W. 2d 369, 64 A. L. R. 962.

We agree with the Chancellor that these cases are ruled by the decision of this Court in *Scott* v. *Metropolitan Life Ins. Co.,* 169 Tenn. 351, 87 S. W. 2d 1011. In that case, the employment of the insured was the firing of a boiler at a knitting mill in Chattanooga. On a July day, while pursuing voluntarily the course of his usual employment and without any fortuitous or unusual event or incident, he was prostrated by sunstroke and died shortly thereafter. After reviewing and considering a number of Tennessee cases which this Court has decided since the opinion in *Stone* v. *Fidelity Casualty Co., supra,* in denying recovery under a policy of insurance substantially identical with those before us here, the late CHIEF JUSTICE GREEN said that although the declaration averred that the injury that occasioned insured's death was "unforeseen, unexpected, fortuitous, and accidental", *Hartford Accident & Indemnity Co.* v. *Hay,* 159 Tenn. 202, 17 S. W. 2d 904; that there was no averment that the insured's exposure to the means—his firing the boiler—was anything but an intentional act. So in the present case, there is nothing in the original bills or their amendments to show that there was anything in connection with the complainant's husband's employment in loading crossties, and the incidental exposure to the sun's rays that was anything but his voluntary, intentional and usual action in the course of his employment.

Under the rules made in *Stone* v. *Fidelity & Casualty Co., supra,* and *Scott* v. *Metropolitan Life Ins. Co., supra,* the assignments of error are overruled and the decrees affirmed.

All concur.