## LIFE & CASUALTY INS. CO. OF TENNESSEE v. THOMPSON.

Court of Appeals of Kentucky.
Jan. 30, 1953.

Ware & Ware, Covington, for appellant.

Howell W. Vincent, Covington, for appellee.

WADDILL, Commissioner.

The insurance company appeals from a judgment entered on a directed verdict for $1,000 in a suit on an insurance policy it had issued. For reversal, it insists that the evidence failed to establish liability under the terms of the policy as it was not shown that the insured's death resulted from a "collision of or an accident to" the motor vehicle in which the insured was a passenger.

Appellee is the beneficiary under a policy of insurance on the life of her deceased child, Thomas R. Thompson, who was 13 years of age at the time of his death. On August 3, 1950, Thomas was riding as a passenger in a farm truck being driven by Everett Edington on Ky. Highway No. 298. The truck was a flat-bodied vehicle with no cab. Thomas was seated to the right of Everett. Another lad, Paul Ginn, age 14, was kneeling on the bed of the truck immediately behind the driver. According to Paul, he playfully hit Everett on the back of his head. Everett turned to strike Paul and in so doing turned the steering wheel of the truck to the right causing the truck to run off the road. After Paul hollered, "we are running off the road," Everett cut the front wheels of the truck sharply back onto the road thereby causing Thomas to be thrown from the truck onto the road. Paul testified that the truck ran over Thomas. Apparently, Everett did not regain control of the truck for it continued traveling down the road for a distance of approximately 150 feet where it ran into an embankment. The front part of the truck was greatly damaged. Thomas was killed instantly.

The policy undertook to protect the insured, among other things, against loss or death occasioned:

"* * * as a result of a collision or accident to any * * * private motor driven automobile or private motor driven truck inside of which the insured is riding or driving on a public highway * * *."

Liability was expressly limited as follows:

"No claim shall be paid under this policy * * * unless there shall be some external and visible injury or damage to the vehicle or conveyance, other than damage or injury to the tires. * * *."

In Life & Casualty Ins. Co. of Tennessee v. Roland, 45 Ga.App. 467, 165 S.E. 293, 294, the court had before it an accident policy containing provisions similar to those in the instant case. It was there held that liability attached under the policy where the insured's death resulted from being thrown from a moving truck upon which he was a passenger. We quote from the opinion:

"The word 'accident,' in its most commonly accepted meaning, denotes an event that takes place without one's foresight or expectation; an event which proceeds from an unknown cause; or an unusual effect of a known cause, and therefore not expected. 1 C.J. 390; Southern Ry. Co. v. Hill, 125 Ga. 354, 361, 54 S.E. 113. Where an automobile truck on which the insured was riding skidded as the driver applied the brakes on turning from the road to go to a filling station, throwing the insured from the truck to the pavement, crushing his skull and producing injuries from which he died, his death was the result of an accident to the automobile truck, within the meaning of the provisions of the policy of insurance quoted above. * * *"

Also, see State ex rel. Tobin v. Independent Life Ins. Co. of America, 170 Tenn. 105, 92 S.W.2d 407.

The evidence concerning the accident is not in controversy. The operator of the truck lost control of the truck while it was traveling at a moderate rate of speed on a state highway. The assured was thrown from the truck onto the road where the truck passed over his body causing his

death. Immediately thereafter the truck was wrecked by running into an embankment.

We have no difficulty in concluding that the occurrence of these events constitutes an accident to the truck in question within the meaning of the terms of the policy. We further find that the assured's death and the damage caused to the truck were the dual results of the same causation and no separation can reasonably be made between them for the purpose of determining liability under the policy.

Judgment affirmed.