**ALLSTATE INSURANCE COMPANY,**
Plaintiff-Appellee,

v.

**David A. MERRITT,**
Defendant-Appellant,

and

**Lonnie L. Brooks, John E. Brooks Spooner, deceased, and Grace Brooks, Defendants.**

Court of Appeals of Tennessee,
Middle Section.

March 22, 1989.

Permission to Appeal Denied by Supreme Court June 5, 1989.

Charles Galbraith, Nashville, for defendant-appellant.

Hugh C. Gracey, Jr., and Alan M. Sowell, Gracey, Ruth, Howard, Tate & Sowell, Nashville, for plaintiff-appellee.

## OPINION

FRANKS, Judge.

In this declaratory judgment action plaintiff was granted summary judgment on the basis that coverage was excluded by this policy provision:

We do not cover any bodily injury or property damage which may be reasonably expected to result from the intentional or criminal acts of an insured person or which are in fact intended by the insured person.

In granting the summary judgment, the trial court relied upon the pleadings and the circuit court complaint filed by the injured party against the alleged insured. The complaint, after stating the injured party was engaged in the course of his employment in removing garbage from 1210 McGavock Pike, "the defendant approached him and for some reason unknown to the plaintiff mistook him for a

dog and shot him with a pistol" and that "as a result of the gross, wanton and outrageous conduct of the defendant, the plaintiff sustained serious, permanent and crippling injuries".

The court determined there was no coverage and said:

[C]ounsel for the respective parties stated their respective positions in this matter and the Court considering the entire record in this matter including all pleadings filed in this matter, and the deposition of Grace Brooks ... was of the opinion that an intentional act had been committed by John E. Brooks Spooner ... with the result that as a matter of law there was no insurance coverage for John E. Brooks Spooner, deceased, for any injuries and damages sustained by David A. Merritt arising out of a shooting....

The plaintiff relies on a line of reported cases, beginning with *Stone v. Fidelity & Casualty Co.*, 133 Tenn. 672, 182 S.W. 252 (1915), which are inapposite. The policies in those cases essentially were accident policies insuring against injuries sustained "through accidental means".[1]

Disputed issues of material fact on this record are whether the injuries inflicted were either expected or intended by the insured. The moving party is not entitled to a summary judgment. *Kelly v. Cherokee Ins. Co.*, 574 S.W.2d 735 (Tenn.1978). *Cf. Graves v. Liberty Mut. Fire Ins. Co.*, 745 S.W.2d 282 (Tenn.App.1987). (Summary judgment was held proper where the insured acted with the intent or expectation that bodily injury would result but the extent of intended injury was disputed.)

As cases from other jurisdictions recognize, the issue is not whether the insured intentionally fired a weapon rather whether the insured reasonably expected or intended the actual injury inflicted to result from his intentional act of firing the weapon. *Allstate Ins. Co. v. Portis*, 472

---

1. In *Scott v. Met. Life Ins. Co.*, 169 Tenn. 351, 87 S.W.2d 1011 (1935), the court, in determining whether an accidental double indemnity provision applied, reasoned: "[T]o determine the matter, we look, not to the result merely, but to

the means producing the result. It is not sufficient that the injury be unusual and unexpected, but the cause itself must have been unexpected and accidental." *Id.*, at 353, 87 S.W.2d 1011.

So.2d 997 (Ala.1985); *Aetna Cas. and Surety Co. v. Brathwaite,* 90 Or.App. 109, 751 P.2d 237, *rev. denied* 305 Or. 672, 757 P.2d 422 (1988); *Sabri v. State Farm Fire & Cas. Co.,* 488 So.2d 362 (La.App.), *cert. denied* 493 So.2d 630 (La.1986); *Colonial Penn Insurance Co. v. Hart,* 162 Ga.App. 333, 291 S.E.2d 410 (1982).

The summary judgment entered in this case is vacated and the cause remanded to the trial court for further proceedings consistent with this opinion. Costs are assessed to appellee.

TODD, P.J., and CANTRELL, J., concur.