ALLSTATE INSURANCE COMPANY,
Plaintiff/Appellant,

v.

Lonnie L. BROOKS, John E. Brooks (Spooner), deceased, Grace Brooks, and David A. Merritt, Defendants/Appellees.

Court of Appeals of Tennessee, Western Section, at Nashville.

Dec. 28, 1990.

Petition to Rehear Denied Sept. 3, 1991.

Application for/Permission to Appeal Denied by Supreme Court July 8, 1991.

Alan M. Sowell, Gracey, Ruth, Howard, Tate & Sowell, Nashville, for plaintiff/appellant.

Charles Galbreath, Nashville, for defendant/appellee David A. Merritt.

TOMLIN, Presiding Judge (Western Section).

Plaintiff, Allstate Insurance Company ("Allstate"), filed this declaratory judgment action in the Circuit Court of Davidson County against Lonnie L. Brooks, John E. Brooks ("Spooner"), deceased, Grace Brooks, and David A. Merritt. Allstate sought a declaration that it was not obliged to afford liability coverage to Spooner under a homeowners insurance policy issued to Brooks. Following a bench trial, the trial court held that under the facts as presented, coverage should be afforded Brooks as a result of Spooner's actions.

Allstate presents three issues by this appeal, contending that the trial court erred in (1) ruling that the act of Spooner was an intentional act, yet not falling within the language of the policy excluding intentional acts; (2) determining that Spooner was a resident of 1210 McGavock Pike, the residence of the named insured; and (3) determining that Spooner was a relative and dependent of the named insured under the

terms of the policy. We resolve the first issue in favor of plaintiff and reverse the trial court. Inasmuch as the first issue is dispositive of this case, it becomes unnecessary for this Court to consider issues 2 and 3. Accordingly, they will be pretermitted. However, in presenting the facts necessary for a consideration of the first issue, we may touch upon some of the facts that might pertain to issues 2 and 3.

At the time of the incident complained of, Allstate had issued a homeowners policy, which was still outstanding, naming Lonnie Brooks and Grace Brooks as insureds. The covered premises were identified as 1210 McGavock Pike. Spooner, a/k/a Jack Brooks, was the son of John Spooner and Gloria Aaronson, whose marriage ended in divorce. Subsequent to their divorce, Gloria Aaronson Spooner married Lonnie Brooks. Jack, a minor, lived with Lonnie and Gloria. Lonnie and Gloria subsequently divorced and Gloria and Jack moved away. Sometime in 1976–77, Spooner moved back in with Lonnie and Lonnie's mother, Grace. They resided at 1210 McGavock Pike in Nashville. Although Lonnie held Jack out as his own child, there were never any formal adoption proceedings.

The incident that precipitated this litigation took place in early September, 1986, at around 4:00 to 5:00 a.m. Merritt, an employee of a garbage collection service, went to the rear of the Brooks' residence at 1210 McGavock Pike for the purpose of collecting garbage. Spooner was sleeping in the back room of a block building adjacent to the Brooks' residence. Upon being awakened by the noise made by Merritt while he was dumping the garbage cans, Spooner picked up a handgun and went to the back door of the out-building where he was sleeping. Approximately thirty to sixty feet away, depending upon the testimony of the various witnesses, he observed what he perceived to be either a bear or a dog getting into the garbage. He aimed his pistol and fired one shot, striking and seriously injuring Merritt.

This case has had an active history prior to reaching this Court in this present stage.

Initially, the trial court granted Allstate's motion for summary judgment, noting in its memorandum opinion that Spooner had committed an intentional act and therefore there was no coverage under the following exclusionary clause in Allstate's policy:

**Losses We Do Not Cover:**

1. **We** do not cover any **bodily injury** or **property damage** which may reasonably be expected to result from the intentional or criminal acts of an **insured person** or which are in fact intended by an **insured person.**

Merritt appealed the trial court's ruling granting summary judgment for Allstate to the Middle Section of this Court. In an opinion by Judge Franks, the Court reversed the trial court and remanded the case holding that "[d]isputed issues of material fact on this record are whether the injuries inflicted were either expected or intended by the insured. The moving party is not entitled to a summary judgment." The opinion, styled *Allstate Insurance Co. v. Merritt, et al,* is reported at 772 S.W.2d 911, 912 (Tenn.App.1989).

Following an evidentiary hearing upon remand, the trial court took the matter under advisement and thereafter issued its memorandum opinion finding in favor of Merritt. This appeal followed.

This Court is of the opinion that it is unnecessary for us to look to other jurisdictions for guidance in this matter, as there are several Tennessee cases that we deem to be controlling, both reported and unreported. Our task is made easier by the finding of the trial court that Spooner intended to fire his pistol in the direction of Merritt and intended to do damage.

We state at the outset that we are not unmindful of the decision of the Middle Section of this Court in the prior appeal of this case, *Allstate Insurance Co. v. Merritt, supra.* In our opinion, that decision is not controlling for several reasons. First, at the time it was decided, the issue before the Court was whether or not summary judgment would lie. In the case before us, we have a specific finding by the trial court that the perpetrator of the offense intended to fire the shot in Merritt's direction and

intended to do damage or harm to whomever or whatever was the object of his aim. Second, the Court and Merritt sought to distinguish a line of cases upon which this Court now relies on the ground that they dealt with accident insurance policies, as opposed to public liability policies. We have found no such distinction in our research, either in Tennessee or elsewhere. Lastly, the court relied upon cases from other jurisdictions that hold contra to the way this Court has held in the past.

In *11 Couch on Insurance 2d* § 44:275, at 426, the rule is stated as follows:

**Wilful misconduct of insured.**

By express policy limitation or judicial construction, it is held that a public liability policy only protects against liability on the ground of negligence; that is, the insured is not protected from the consequences of his own wilful and intentional wrongs, nor against the wilful and intentional wrongs of his agent, committed with the intent to inflict injury, although the actual bodily injury sustained may have been accidental.

In *Treanor v. General Accident Fire & Life Assurance Corp.*, 4 TAM 45–14 (Tenn. App., M.S. Oct. 26, 1979), the defendant company sought to be excused from coverage where the insured intentionally shot and killed a dog he thought was attacking him, based upon the following language:

This policy does not apply:

1. Under Coverage E—Personal Liability ... : f. to bodily injury or property damage which is either expected or intended from the standpoint of the insured.

In his opinion, Judge Shriver, writing for the Middle Section of this Court, held that there was no coverage because the exclusionary clause of the policy applied.

In the case of *Allstate Insurance Co. v. Rainey*, (Shelby Law No. 29) 11 TAM 47–2, 1986 WL 10086 (Tenn.App., W.S. Sep. 16, 1986), we affirmed the judgment of the trial court which declared that Allstate was not obliged to provide coverage or a defense because of the following exclusionary clause: "1. We do not cover bodily injury intentionally caused by an insured person." *Id.* slip op. at 2.

The proof in *Rainey* was to the effect that the perpetrator of the offense was in his home one evening when he noticed the front door knob turning, as if someone was trying to enter the home. He procured his .38 revolver and returned to the door. When he opened it, all he saw were some red pants and he fired one shot. The shot struck the person at the door, who was discovered to be his sister-in-law. The *Rainey* court stated:

Injuries resulting from accidental means as distinguished from those intentionally caused were considered by the court in *Stone v. Fidelity & Casualty Co.*, (1915) 133 Tenn. 672, 182 S.W. 252, wherein the court stated:

The general rule is that an injury is not produced by accidental means, within the meaning of this policy, where the injury is the natural result of an act or acts in which the insured intentionally engages. A person may do certain acts the result of which produces unforeseen consequences resulting in what is termed an accident; yet it does not come within the terms of this contract. The policy does not insure against an injury that may be caused by a voluntary, natural, ordinary movement, executed exactly as was intended.

Therefore, to determine the matter, we look, not to the result merely, but to the means producing the result. It is not sufficient that the injury be unusual and unexpected, but the cause itself must have been unexpected and accidental.

This rule has been consistently followed by the appellate courts of this state. See: *Scott v. Metropolitan Life Ins. Co.*, (1935) [169 Tenn. 351] 87 S.W.2d 1011; *Seeley v. Pilot Fire & Casualty Company*, (1968) [222 Tenn. 33] 432 S.W.2d 58; *Provident Life & Accident Insurance Company v. Wallace*, (1939) [23 Tenn.App. 697] 137 S.W.2d 888; *Nicholas v. Provident Life & Accident Insurance Company*, (1970) [61 Tenn. App. 633] 457 S.W.2d 536.

Tennessee cases on the issue make a controlling distinction between "accidental means" and "accidental results." In the case at bar the shooting of the *individual* Barbara Rainey was an unforeseen result. However, it cannot be said that the shot was fired accidentally. Whitley Oliver observed the door knob turning and refused to open the door until he had "something to back me up;" he went to the bedroom and obtained his pistol; he returned to the door, again observing the door knob turning; he opened the door, saw a pair of red pants and fired one shot. These acts were all intentionally carried out by Whitley Oliver. The cause by which Barbara Rainey was shot was not accidental or unexpected; the cause was the intentional acts of Whitley Oliver.

*Id.* slip op. at 4–5. *See also Allstate Insurance Co. v. Ellis,* 12 TAM 19–12, 1987 WL 8309 (Tenn.App., W.S. Mar. 27, 1987); *Independent Fire Insurance Co. v. Harbin,* 15 TAM 33–2, 1990 WL 97832 (Tenn.App., E.S. July 17, 1990).

Accordingly, the judgment of the trial court is reversed. We hold that pursuant to the exclusionary clause in the policy, there is no insurance coverage for John E. Brooks (Spooner), deceased, Lonnie Brooks, or Grace Brooks under the policy of insurance with Allstate for any injury or damage sustained by Merritt. This cause is remanded to the Circuit Court of Davidson County for further proceedings not inconsistent with this opinion. Costs in this cause on appeal are taxed to Merritt, for which execution may issue if necessary.

HIGHERS and FARMER, JJ., concur.